# EXHIBIT A

STATE OF ILLINOIS )
) SS.
COUNTY OF COOK )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF )
THE COUNTY TREASURER AND EX-OFFICIO )
COUNTY COLLECTOR OF COOK COUNTY, )
ILLINOIS, FOR ORDER OF JUDGMENT AND )
SALE OF LANDS AND LOTS UPON WHICH ALL ) NO. 98 CoTDS 0026
OR A PART OF THE GENERAL TAXES FOR 2 )
OR MORE YEARS ARE DELINQUENT PURSUANT )
TO SECTION 21-145 OF THE ILLINOIS )
PROPERTY TAX CODE. )
)
The City of Chicago, )
PETITIONER. )

ORDER DIRECTING ISSUANCE OF TAX DEED

THIS MATTER COMING on to be heard upon the verified Petition of The City of Chicago for an Order on the Petition that a Tax Deed issue and upon proofs and exhibits heard and offered in open court and the Court having heard the statements and arguments of counsel and having been fully advised in the premises, FINDS:

1. It has jurisdiction of the subject matter hereof and of all of the parties hereto.

2. The Tax Sale Notice, a copy of which is attached to and made a part of the Petition filed here, was served in the manner and within the time required by Sections 22-10, 22-15, 22-20 and 22-25 of the Illinois Property Tax Code, upon the persons entitled to such notice.

3. All persons entitled to notice have had due notice of the filing and the time of hearing upon this Petition.

4. The real estate described below has not been redeemed from the sale of August 07, 1997, pursuant to the judgment for sale as provided by Section 21-145 of the Illinois Property Tax Code, and the time for such redemption has expired on May 18, 1998.

5. Pursuant to the Illinois Property Tax Code, 35 ILCS 200/21-90, previously the Illinois Revenue Act of 1939, 35 ILCS 205/216d, the lien of taxes and special assessments which became due and payable after the sale to the County of Cook and subsequent assignment to the City of Chicago shall merge in the fee title to the City of Chicago on the issuance of a tax deed.

6. All of the material allegations of the Petition are true; Petitioner has fully complied with all of the statutes and the Constitution of the State of Illinois relating to sales of real estate for taxes and the issuance of Tax Deeds pursuant thereto and is, therefore, entitled to a Deed of Conveyance vesting in Petitioner the Title in fee simple to the real estate described below and every part thereof.

IT IS THEREFORE ORDERED that DAVID D. ORR, County Clerk of Cook County, makes, executes, and delivers to Petitioner upon the surrender of the Certificate of Purchase to the County Clerk, a good and sufficient Deed conveying to the Petitioner all of the following real estate:

> Legal Description: See Attached Exhibit A
>
> Permanent Index Number: 20-17-325-038

IT IS FURTHER ORDERED that this Court reserve jurisdiction of this cause for the purpose of issuing any Order for Possession to place and maintain Petitioner in possession of said real estate as may be necessary or desirable, and, further, this Court expressly finds that there is no just reason for delaying the enforcement of this Order or the appeal therefrom.

ENTER:

_____
Judge

Dated: 7-7-98

**ENTERED**

JUL 0 7 1998

AURELIA PUCINSKI
CLERK OF CIRCUIT COURT

Mark R. Davis
Nina H. Tamburo
O'Keefe, Ashenden, Lyons & Ward
30 North LaSalle Street
Suite 4100
Chicago, Illinois 60602
(312) 621-0400
Attorney Number 90612

Legal Description: LOTS 19, 20 AND 21 IN STAPLE'S SUBDIVISION OF THE WEST 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 17, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

Exhibit A

CERTIFICATE OF PURCHASE # 5200

NOT CANCELLED OR REDEEMED.

SALE DATE Aug 7, 1997

REDEMPTION PERIOD EXPIRES Redemption date extended to May 18, 1999 by affidavit of purchaser

# EXHIBIT

# B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT- COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE COUNTY TREASURER AND EX-OFFICIO COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, FOR ORDER OF JUDGMENT AND SALE OF LANDS AND UPON WHICH A PART OF THE GENERAL TAXES FOR 2 OR MORE YEARS ARE DELINQUENT PURSUANT TO SECTION 21-145 OF THE ILLINOIS PROPERTY TAX CODE.<br><br>The City of Chicago<br><br>   Petitioner for Tax Deed<br><br>BETH-EL ALL NATION CHURCH OF GOD IN CHRIST, By one of its BISHOPS, EDGAR JACKSON - PETITIONER | No. 98 CoTDs 0026<br><br>FILED<br>03 OCT 14 PM 4: 13<br>DOROTHY BROWN<br>CIRCUIT COURT OF COOK COUNTY, ILLINOIS<br>COUNTY DIVISION<br>CLERK |

AMENDED SECTION 2-1401 ( f) PETITION TO VACATE VOID
ORDER DATED July 7, 1998 DIRECTING COUNTY CLERK TO ISSUE
TAX DEED AND TO CANCEL AND OTHERWISE SET ASIDE ANY DEED ISSUED
UNDER THE VOID ORDER AS STATED ABOVE

1. That on July 7, 1998, allegedly pursuant to The Property Tax Act (35 ILCS 200/22-40 (a) ("Act"), and upon application of Tax Certificate Holder, CITY OF CHICAGO ("city"), this Court entered an Order Directing the Cook County Clerk to issue a Tax Deed conveying Petitioner Church's property located at 1534 W. 63RD Street, Chicago, Illinois to city. That the Tax Deed was issued on even date.

2. That under the Act, certain Notice requirements must be met before a Tax Certificate Holder can acquire a Tax Deed.

3.. That under section 22-25 (mailed notice), it provides:

> In addition to the Notice required to the served not less than 3 months not more than 5 months prior to the expiration of the period of redemption, the purchaser or his or her assignee shall prepare and deliver to the clerk of the circuit court of the county ... the notice provided for in this section, together with the statutory costs for mailing the Notice by certified mail, return receipt requested. The form of Notice to be mailed

1

> by the clerk shall be identical in form to that provided by section 22-10 for service upon owners residing upon the property sold, except that it shall bear the signature of the clerk and shall designate the parties to whom it is to be mailed.
>
> • • •
>
> The notice shall be mailed to the owners of the property at their last known addresses, and to those persons who are entitled to service of Notice as occupant.

4. In this case, the record reveals that on January 14, 1998, under United States Mail Certification Number 997-657, the Notice required under section 22-25 was mailed to owner (at 1534 E. 63rd Street, Chicago, IL.) and, that on January 20, 1998,, a notation appears on the face of the record (docket sheet) Certified Letter 997-657 "uncl"(presumably <u>unclaimed</u>) and therefore was not delivered.(see copy of docket sheet attached hereto as exhibit B.

5. That section 22-15 of the act provides that the purchasers or his or her assignee shall give the notice required by section 22-10 by causing it to be published in a newspaper as set forth in section 22-10. In addition, the notice shall be served by a Sheriff . . . of the county in which the property- is located upon owners who reside on any part of the property sold by leaving a copy of the notice with those owners personal

6. That on the face of the Sheriff's Return Of Service, it reveals that Sheriff's Deputy Cannon #1298 returned to the file marked **"No such Address"** the Notice that he attempted to serve (as directed) to 1534 E. 63rd Street, Chicago, Illinois 60637. (Emphasis added). (See exhibit C).

7. That Section 22-40 of the Act provides that " . . . the court shall insist on strict compliance with section (s) 22-10 through 22-25" of the Act before entering an Order directing the issuance of a Tax Deed.

8. That under section 22-45 of the Act, it provides for relief pursuant to section 2-1401 of the code of civil procedure if there is clear and convincing evidence that the tax deed had been procured by fraud or deception by the tax purchaser or his or her assignee.

9. That the July 7, 1997 Order is void because it is clear and convincing that the city as assignee of Tax Certificate Purchaser procured the deed by fraud, in that, inter-alia:

    1. The city misdirected to the wrong address the Notice required to be given by Certified Mail; The city intentionally concealed from the court the fact that it misdirected the certified letter to the wrong address; Instead, the city (through its agents and employees) fabricated the story that it told to the court making it appear that the city relied upon Chicago Title and Trust ("CT&TC")Tract Index Search No. S9476630 for the

2

address (1534 E. 63rd Street). In fact it was the city (as Applicant) that supplied the 1534 E. 63rd Street Address to CT&TC).[1] where the unserved Notice by Certified Letter was sent (See Exhibit B and copy of returned envelope in file.

    2. That city misdirected the Sheriff to a "non-existent" address when city was required to serve owner of the subject property through the Sheriff's Office: Instead, the city fabricated the story that it told to the court making it appear that the city relied upon Chicago Title and Trust Tract Index Search No. S9476630 for the address (1534 E. 63rd Street) which the Sheriff found "non-existent". (See Exhibit C).

10. The city engaged in a further deceitful course of conduct when the city caused the misleading affidavit of employee or agent Geoffrey Block to be filed in this cause. The affidavit strongly (and wrongfully) implies at paragraph(s) (6) and (10) that the CT&TC Track Search is the source of the 1534 E. 63rd Street address whereas on the face of the exhibit attached to the affidavit it is crystal clear that the city (as Applicant) supplied to CT&TC the 1534 E. 63rd Street Address.

11. That the affidavit of Geoffrey Block, who was the "Coordinating Planner of the City of Chicago's Tax Reactivation Program", must be taken as true in all aspects, and the city is estopped by law to assert otherwise.

12. That in furtherance of its plan to deceive the court, at the default prove-up hearing, the Attorney for the city asked, and was permitted to read into the record excerpts from the affidavit of Kim Donley, a para-legal who worked for the Attorney's law firm.[2]

    Ms. Tamburo: Your Honor, at this time, I would like to read into the record portions of the affidavit of Ms. Kim E. Donley, who is a paralegal with the law firm of O'Keefe, Ashenden, Lyons & Ward.

    Ms. Tamburo: "I Kim E. Donley, being first duly sworn and under oath state that as follows: I am a paralegal with the law firm of O'Keefe, Ashenden, Lyons & Ward."

    Under paragraph 3: " The tax bills indicated Taxpayer of or Current Owner as the last assesse of record and 1534 W. 63rd Street, Chicago, Illinois 60636-2356 as the address to which the tax bills were being forwarded."

---

[1] The Tract Search was first ordered on April 25, 1997, although city makes it appear that it was first ordered on August 8, 1997 at which time the initial Tract Search was only updated. (presumably to determine if any other interest parties became attached to the property during the gap in time (April 25, 1997 to August 8, 1997); On the face of the Tract Search, it states that Applicant (city, through its agent) supplied to CT&TC the 1534 E. 63rd Street address and not the other way around as city, through its fabrication, led the court to believe. (See Copy of CT&TC Tract Search at exhibit A).

[2] No exhibits were attached to the affidavit of Ms. Donley. The apparent purpose for this display was to establish strict compliance with Notice requirements under the act.

3

Paragraph 5: " I was <u>instructed</u> that the following persons or entities were identified as having possible interests in the subject property, <u>Bethel Outcast Church</u>." (Emphasis added).

Paragraph 6. " In order to locate the whereabouts of those interested parties, as well as the last assessee of record, I checked the telephone directories in Cook County and the Sullivan's Law Directory, as well as contacting directory assistance in Cook County and reviewed the records of the following entities to the extent applicable: The Illinois Secretary of State; the Cook County Probate Division, the Cook County Municipal Division, and the Cook County Assumed Names department."

" I was able to locate addresses for the following persons." Those persons are indicated in Paragraph 7.[3]

"The affidavit is executed by Ms. Donley, and her signature is attested to on May 18th, 1998."

"With your permission, I tender to the Court the original affidavit of Ms. Donley. I move that the entire affidavit be admitted into evidence.

THE COURT: Even though there wasn't– the City of Chicago Title Insurance commitment only lists Beythel Outcast Church, no Reverend Jackson, I believe it was.

Ms. Tamburo: No, that's correct. Reverend Jackson, by the testimony, appears to be the Reverend of the Beythel Outcast Church. And the Church was served by certified mail on January 27th.

13. That the Attorney did not read into the record paragraph 4 of Kim Donley's affidavit where Ms. Donley swore under oath as follows

"I am familiar with Chicago Title Insurance Company Commitment for Title Insurance Tract Search 1401 S9476630."

14. That although the name and number of the CT&TC Track Search appears different, upon close examination it is clear that this is the same document that was attached to the Petition for Tax Deed at Exhibit C, and also attached to the affidavit of Geoffrey Block.

15. That Geoffrey Block's affidavit at paragraph 6 states that:

"As determined by an examination of the Public Records; a Chicago Title Insurance

---

[3]Paragraph 7 of the Donley affidavit states in part: I was able to locate addresses for the following interest parties: Beyrhel Outcast Church- 1534 E. 63rd. Street, Chicago . . .

4

Company Commitment for Title Insurance Number S9476630, dated October 8, 1997 ... affiant's (Geoffrey Block's) authorized agent caused to be served and caused to be published the notices required by the Illinois Property Tax Code, 35 ILCS 200/22-10, 22-15, 22-20 and 22-25 ... "

16. That based upon Kim Donley's assertion that she was " ... **instructed** that the following persons or entities were identified as having possible interests in the subject property, <u>Bethel Outcast Church</u>" and Geoffrey Block's admission that the 1534 E 63rd Street address was determined by an examination of "a Chicago Title Insurance Company Commitment for Title Insurance Number S9476630, dated October 8, 1997 makes it appear that Kim Donley is attempting to disassociate herself from what she knows is a bad address or that Ms. Donley is purposefully trying to mislead the court when she implies that the address came from a source other than the CT&TC Tract Index Search.

17. That another clear sign that the court was misled is that Geoffrey Block states that Affiant's authorized agent searched the records of the Recorder of Deeds of Cook County Kim Donley (the authorized agent that apparently did the searching) did not identify Recorder of Deeds as a placed she search; Instead, Kim Donley admits that she searched:

- telephone directories in Cook County
- Sullivan's Law Directory
- directory assistance in Cook County
- reviewed the records of the following entities to the extent applicable:
- Illinois Secretary of State
- the Cook County Probate division
- the Cook County Chancery division
- the Cook County Municipal division
- the Cook County Assumed Names department

18. That the court should note that prior to the Issuance of the Tax Deed, Bethel Outcast Church was at all times relevant in these proceedings the owner of record of the property the tax certificate covered (1534 W. 63rd Street, Chicago, Illinois) (See paragraph 6 of Geoffrey Block's affidavit; See paragraph 7 of Kim Donley's affidavit); and see document number 86571344 as listed on the face of the CT&TC Tract Search which is the document number of the recorded deed under which Beythel Outcast Church was vested as owner of 1534 W 63rd Street Property. A copy of the deed is attached hereto at exhibit D.

19. On the face of the deed that is referred to on the CT&TC Tract Search (by its document number), Rev. Edgar Jackson signed the Exempt Tax Declaration Stamp; Rev. Edgar Jackson is listed on the deed as the person to whom the recorded deed should be sent to; Rev. Jackson's address, 8823 S. Dante, Chicago, Ill., 80619 is clearly stated on the face of the Deed all of which may account for why, contrary to Geoffrey Block's Statement

5

under oath, Kim Donley does not show the Recorder of Deeds as a place she searched for interested parties. The strong connection between Rev. Jackson and the subject property was open, obvious, but totally ignored by tax purchaser certificate holder (city)

20. The inconsistency in the statement of Geoffrey Block (made under oath) and the statement of Kim Donley (also made under oath) follows the pattern of deception clearly displayed in this case in that Geoffrey Block's Statement that an authorized agent searched records of the Recorder of Deeds of Cook County is not true; Kim Donley (apparent authorized agent) Statement is devoid of any such search, moreover her claim that she searched "Sullivan's Law Directory" is not worthy of belief given the purpose for the search.[4]

21. That other remarks made to the court by Ms. Tamburo and the court's response also clearly misled the court, to wit:

> Ms. Tamburo: Thank you. Your Honor.
>
>> Your Honor, a photocopy of the Notice required to be served by the Sheriff under Sections 22-10 and 22-15 of the Illinois Property Tax Code, is attached to the Application as Exhibit E.
>>
>> All the persons identified as having an interest in the subject property were served by the sheriff, either personally or by certified mail, and in accordance with the Illinois Property Tax Code, within the notice serving period which was December 18th, 1997 through February 18th, 1998.
>>
>> Beythel Outcast Church was served by certified mail on January 27, 1998.[5]
>>
>> The County Clerk was served on January 18th, 1998.
>>
>> The Circuit Court Clerk mailed Notices by certified mail as required by statute on all interested parties on January 14th, 1998.
>>
>> The Notice which is required to be published under Section 22-20 of the Illinois Property Tax Code, was published in the Chicago Daily Law Bulletin, a newspaper of general circulation in Cook County, Illinois, it was published on February 11th, 12th, and 13th. With your permission, I tender to

---

[4]Attached as exhibit E are documents that were on file (and available) at the Secretary of State's Office at the time the so-called search was made.

[5]The statement is completely false.

6

|||
|---|---|
| | the Court the original Certificate of Publication. |
| | I move that the original be admitted into evidence, request leave to withdraw the original and substitute the copy, which is attached as exhibit F to the Application.[6] |
| THE COURT: | So ordered. |
| MS. TAMBURO: | Thank you, Your Honor. ... |
| | We submit the Petitioner has met all of the requirements of the Illinois Property Tax Code, entitling it to the issuance of a Tax Deed, and we'll request entry of an order directing the issuance of a Tax Deed at the time of submission of a transcript. |
| THE COURT: | Pursuant to the Court receiving a copy of the transcript of these proceedings, the court will reserve Ruling until said time. |

22. That there is no audible mention in the record, none whatsoever, of the address where the certified letter was misdirected to, or where the Sheriff was misdirected (i.e., <u>1534 E. 63rd Street</u>, Chicago, Illinois- a "non-existent address" according to the sheriff's return)

At the time both affidavits (Blocks and Donleys) were constructed, and at the time of the prove-up on July 7, 1998, the city was aware of the following facts, and (1) these facts alone are more than sufficient proof that the city constructed its affidavits and testimony to avoid the impact of these fatal facts; (2) and by concealing these facts from the court before, and at the prove-up, the city clearly deceived the court because had the city revealed all of these missing facts to the court, no deed could have issued because the city's failure to strictly comply with Notice Requirements under the act would have precluded the issuance of a tax deed.

- January 20, 1998-----Certified Letter that was required under the act was returned marked unclaimed; Yet the city falsely told the court that Beythel Outcast Church had was served by Certified Mail on January 27, 1998 (See page 10 of transcript). January 27 has no relevance to the certified letter.

- January 27, 1998--------Service required (or attempted to be served) by Sheriff under act, according to Sheriff's Return of Service indicated that Beythel Outcast Church was not served at 1534 E. 63rd Street because there was <u>"No Such Address."</u>

- December 18, 1997 through February 18th, 1998---the City knew that Bishop Jackson was the leader of the Church at the church located at 1534 W. 63rd Street, Chicago, Illinois; His name was prominently display on two signs attached to the building at the subject

---

[6] The Notice required to be published under Section 22-20 requires that the address of the property be listed which of course is the address of the property that the City is acquiring.

7

property; (See transcript at page 6 of transcript); his name and address was prominently displayed on the recorded deed at the Recorder of Deed's Office (See exhibit D herein); His name and address was prominently displayed on the records at the Secretary of States' Office See exhibit E herein); Yet, Bishop Jackson was not joined as an interested party; More important, at the prove-up Hearing, the attorney for the City, Ms. Tamburo made the following statement to the court:

> THE COURT: Even though there wasn't – the City of Chicago Title Insurance Commitment only lists Beythel Outcast Church, no Reverend Jackson, I believe it was.
>
> Ms. Tamburo: No, that's correct. Reverend Jackson, by the testimony, appears to be the reverend of the Beythel Outcast Church. And the Church was served by certified mail on January 27th.[7]

24. That the court, given the open and obvious non-compliance of the act as to the city's failure to strictly comply with notice requirements, the court exceeded its jurisdiction by ordering the issuance of a tax deed when it clearly was not warranted.

25. That Bishop Jackson's Constitutional Right to Notice before the taking of his property, or the Church's property was violated under both the United States and State Constitution.

26. That unless title to the property is restored to the church, title having been taken under illegal acts as shown herein, the church's constitutional right to freedom of Religion under the United States and State of Illinois Constitutional may be violated as well.

27. That the affidavit of Bishop Edgar Jackson attached to the original 2-1401 Petition is incorporated herein be reference, verbatim.

WHEREFORE, BETH-EL ALL NATION CHURCH OF GOD IN CRIST f/k/a BEYTHEL OUTCAST CHURCH prays that this Honorable Court vacate the void order entered on July 7, 1998 Directing the County Clerk to Issue Tax Deed, and Rescind and otherwise cancel the Tax Deed issued by the County Clerk dated July 7, 1998, filed as document number 99305113 on March 30, 1999, and for such other and further relief to this Honorable Court is just and proper.

_____
BETH-EL ALL NATION CHURCH OF GOD IN CRIST
f/k/a BEYTHEL OUTCAST CHURCH, by its Attorney

---

[7] The church was not served nor was rev. Jackson, despite the knowledge that the city possessed during the service period about rev. Jackson, he was not join as an interest party nor was the church that was occupying the building at the time joined as an interest property.

## CERTIFICATE OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

 

BISHOP EDGAR JACKSON, BETH-EL ALL NATION CHURCH OF GOD IN CRIST f/k/a BEYTHEL OUTCAST CHURCH

**LAMONT CRANSTON STRONG**
Attorney For BETH-EL ALL
NATION CHURCH OF GOD
IN CRIST f/k/a BEYTHEL
OUTCAST CHURCH
236 E. 32ns Street
Unit 2W
Chicago, Illinois 60616
(312) 842-0963
Fax (312) 842-8947

1.9